

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JOSE JUAN MONTELONGO, §
§
    Movant, §
§
VS. §   NO. 4:14-CV-992-A
§   (NO. 4:12-CR-045-A)
UNITED STATES OF AMERICA, §
§
    Respondent. §

MEMORANDUM OPINION
and
ORDER

Came on for decision the motion of Jose Juan Montelongo

("movant") under 28 U.S.C. § 2255 to vacate, set aside, or

correct sentence.  After having considered such motion, its

supporting memorandum, the government's response, movant's reply,

and pertinent parts of the record in Case No. 4:12-CR-045-A,

styled "United States of America v. Arthur Ray Luna, et al.," the

court has concluded that such motion should be denied.

I.

Background

Information contained in the record of Case No. 4:12-CR-045-

A discloses the following background that is potentially

pertinent to the ground of movant's motion:

On March 6, 2012, a one-count indictment was filed charging

movant, his wife Lindsey Montelongo ("Lindsey"), and three other

1

persons with conspiracy to distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846. The indictment charged that the defendants conspired to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). The statutory range of imprisonment for the charged offense was not less than five years and not more than forty years.

Brett Boone ("Boone") was serving as movant's court-appointed attorney when the March 6, 2012 indictment was filed. On March 26, 2012, the court granted movant's motion to substitute Roderick Christopher White ("White"), a retained attorney, for Boone as his attorney. White continued to represent movant through movant's sentencing.

On April 9, 2012, the government filed an information that superseded the March 6, 2012 indictment as to Lindsey only. The information charged Lindsey with conspiracy to distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846. The alleged conspiracy was to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The statutory

2

term of imprisonment for the charged offense was not more than twenty years.

On April 20, 2012, Lindsey appeared before the court with the intent to waive the return of an indictment, to proceed on the basis of the information filed by the United States Attorney on April 9, 2012, and to enter a plea of guilty to the offense charged by the information pursuant to a plea agreement that contemplated that the charge against her in the March 6, 2012 indictment would be dismissed if the court were to accept the plea agreement. When the court learned at the hearing that the information did not charge Lindsey with her true offense conduct, which could have been proved by the government, and that the proposed reduction in her sentencing exposure contemplated by her plea of guilty pursuant to the plea agreement was designed by the government to take into account Lindsey's indication of a willingness to testify against her co-defendants, including her husband, the following exchange occurred between the court and the prosecutor at the hearing:

> THE COURT:  Well, are you superseding an indictment here?
>
> MR. SMITH:  Yes, Your Honor.
>
> THE COURT:  I was asking what was the charge in the indictment.
>
> MR. SMITH:  On the indictment, she -- everybody was charged with 846(b)(1)(B), a 5 to 40 count, and the

Government filed a superseding 846(b)(1)(C) on Ms.
Montelongo, a 0 to 20 count.

THE COURT:  Does that reduce the quantity?

MR. SMITH:  It reduces the statutory maximum and
minimum, and the drug amount, yes, Your Honor.  Yes.

THE COURT:  Okay.  And did the Government conclude
there wasn't -- it couldn't prove the case that was
alleged by the indictment?

MR. SMITH:  No.  No, that's not the case, Your
Honor.  That's -- this is a -- this is in consideration
of the defendant's agreement to cooperate against her -
- against the co-defendants, if necessary, at the jury
trial scheduled for April 30th.

THE COURT:  Okay.  Well, I'm not going to accept
the plea agreement if it's on that basis because that
normally would be dealt with on a 5K1.1 motion, so I'm
not going to accept the plea agreement in this case.

Okay.  Now, where are we on the trial setting?

MR. SMITH:  Well, Your Honor, I mean, it's mainly
-- I mean, the plea agreement calls for the defendants
to give, if called upon, testimony at the jury trial.

THE COURT:  I'm not going to accept the plea
agreement.

Case No. 4:12-CR-045-A, Tr. of Rearraignment at 5-6, Doc. 186.

On April 27, 2012, Lindsey appeared before the court when

she entered a plea of guilty to the offense charged by the

March 6, 2012 indictment without the benefit of a plea agreement.

The presentence investigation report prepared in reference to

Lindsey attributed to her for guideline calculation purposes at

least 3,000 kilograms of marijuana equivalent, but less than

4

10,000 kilograms of marijuana, causing her to have a base offense level of 34.  She was given an increase of two levels in her offense level because she maintained a premises for the purpose of distributing a controlled substance, a two-level decrease pursuant to the authority of USSG § 2D1.1(b)(16), a two-level increase based on the involvement of her children in her drug-distribution activities, and a two-level increase based on importation of the drugs,[1] resulting in a total offense level of 38.  Her criminal history category was 1, leading to a guideline advisory range of imprisonment of 235 months to 293 months.  On August 17, 2012, Lindsey was sentenced to a term of imprisonment of 293 months.  Her sentence was affirmed on appeal.

On April 11, 2012, the grand jury returned a three-count superseding indictment that superseded the March 6, 2012 indictment as to movant and a co-defendant, Jose Castillo ("Castillo").  Count One charged movant and Castillo with conspiracy to distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846.  The conspiracy alleged was to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1)

---

[1]The two-level increase because of importation of the drugs was first disclosed by an addendum to the presentence investigation report.

and (b)(1)(A).  The statutory range of imprisonment related to the Count One offense was not less than ten years or more than life.  The second count of the superseding indictment named only Castillo.  The third count charged movant with distributing and possessing with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  Again, the statutory imprisonment exposure related to the third count was not less than ten years or more than life.

On April 30, 2012, movant and Castillo went to trial before a jury on the offenses charged by the April 11, 2012 superseding indictment.  On May 1, 2012, the jury returned a verdict finding movant guilty of the offenses charged by the first and third counts of the indictment.

Movant's presentence investigation report attributed to movant at least 3,000 kilograms of marijuana equivalent, but less than 10,000 kilograms of marijuana, for a base offense level of 34.  He received a two-level increase because of possession of a firearm by a co-conspirator, a two-level increase for maintaining a premises for the purpose of distributing a controlled substance, a two-level increase because of having his children involved in his drug-trafficking activities, a four-level increase as an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive,

and a two-level obstruction-of-justice increase based on false testimony he gave at his trial, leading to an adjusted offense level of 46, which was reduced to a total offense level of 43 pursuant to USSG Ch. 5, Pt. A, Comm., App. N. 2.[2]  His criminal history category was 1.  His advisory guideline imprisonment range was life imprisonment.

At movant's sentencing conducted on August 31, 2012, a sentence of life imprisonment was imposed on movant as to each count of conviction, to run concurrently.

On August 31, 2012, White filed a motion to withdraw as counsel for movant, alleging that movant wished to appeal his conviction and/or sentence and to have court-appointed counsel to represent him in the appeal.  Movant expressed his agreement and approval of the motion by his signature at the end of the motion. The motion was granted by order signed September 4, 2012.

Movant did appeal to the Fifth Circuit, complaining of this court's calculation of his advisory guideline sentencing range. By opinion and judgment issued by the Fifth Circuit on September 11, 2013, the judgment of this court was affirmed.  He filed the § 2255 motion now under consideration on December 10, 2014.

---

[2]By an addendum to the presentence report, the probation officer added a two-level enhancement to the offense level because of importation of the methamphetamine movant was trafficking, but that increase did not change the total offense level.

7

II.

## Ground of the Motion

Movant urged in his motion ineffective assistance of counsel as his ground for relief.  He complained that trial counsel, White, failed to properly advise him regarding a plea offer and failed to discuss with movant his potential sentencing exposure if he lost at trial, any sentencing enhancements that could be used, and the evidence the government had against him.  Movant claimed that White told him that the government offered him a plea deal that contemplated a maximum sentence of imprisonment of twenty years, and that but for White's ineffective assistance he would have accepted that plea offer instead of going to trial.

III.

## Government's Response

In the government's response it disputed that the government had made a settlement offer of the kind claimed by movant, and would expect White to deny that such an offer was made if there were an evidentiary hearing.  The thrust of the government's response was that the court can deny movant's motion without resolving the dispute as to whether a plea agreement was offered to movant.  According to the government, movant has offered no evidence that the court would have accepted a plea agreement of the kind described by movant if it had been entered into; and,

the government maintains that the record of Case No. 4:12-CR-045-A contains affirmative evidence that the court would not have accepted such a plea agreement.

### IV.

### Analysis

A. Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of

habeas corpus will not be allowed to do service for an appeal.

Davis v. United States, 417 U.S. 333, 345 (1974).

B.    Legal Standard for Ineffective Assistance of Counsel Claim

To prevail on an ineffective assistance of counsel claim,

movant must show that (1) counsel's performance fell below an

objective standard of reasonableness and (2) there is a

reasonable probability that, but for counsel's unprofessional

errors, the result of the proceedings would have been different.

Strickland v. Washington, 466 U.S. 668, 687 (1984); See also

Missouri v. Frye, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012).

"[A] court need not determine whether counsel's performance was

deficient before examining the prejudice suffered by the

defendant as a result of the alleged deficiences." Strickland,

466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750,

751 (5th Cir. 2000).  "The likelihood of a different result must

be substantial, not just conceivable," Harrington v. Richter, 562

U.S. 86, 131 S. Ct. 770, 792 (2011), and a movant must prove that

counsel's errors "so undermined the proper functioning of the

adversarial process that the trial cannot be relied on as having

produced a just result." Cullen v. Pinholster, 563 U.S. ___, 131

S. Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 686).

In the plea context, the movant "must also demonstrate a

reasonable probability the plea would have been entered without

10

. . . the trial court refusing to accept it . . . ." <u>Frye</u>, 132
S.Ct. at 1409.

C.    <u>Movant Has Failed to Satisfy the <i>Strickland</i> Prejudice
      Standard</u>

      Even if the court were to assume, <u>arguendo</u>, that movant was
offered a plea agreement that would have limited his imprisonment
exposure to twenty years and that White failed adequately to
discuss that matter with movant, movant's motion would
nevertheless be without merit because he would have failed to
satisfy the prejudice prong of the ineffective assistance of
counsel standard.

      Not only has movant failed to provide the court with any
evidence that there is a reasonable probability that the result
of the proceedings would have been different if White had given
him the advice and assistance he contends White should have given
him relative to the possibility of accepting a twenty-year plea
agreement, the record of movant's criminal case affirmatively
indicates that the court would not have accepted such a plea
agreement if it had been made, with the consequence that movant
has not shown that he suffered prejudice by reason of not having
entered into a plea agreement.

      Common sense says that the declination of the court to
accept movant's wife's plea agreement that put a twenty-year
ceiling on her imprisonment exposure means that the court would

have declined to accept a plea agreement entered into between the government and movant that would put a twenty-year cap on his imprisonment exposure. His wife's advisory range of imprisonment was 235 months to 293 months based on her true offense conduct, whereas, in contrast, movant's advisory guideline imprisonment range was life imprisonment based on his true offense conduct. Movant has offered no explanation as to why the court would have accepted a twenty-year maximum plea agreement entered into by movant while rejecting such a plea agreement made by his wife. There is no rational basis for any such contention.

For the reasons stated, the court has concluded that movant's § 2255 motion should be denied.

V.

Order

Therefore,

The court ORDERS that movant's § 2255 motion be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby,

denied, as movant has not made a substantial showing of the
denial of a constitutional right.

SIGNED January 27, 2015.

JOHN McBRYDE
United States District Judge

13